which is Ware against Best Buy, which is number 20-1641. You're first for Mr. Peck. Good morning and may it please the court. Robert Peck on behalf of the appellants Tawanna and Anthony Ware. Anderson versus Gulfstream Coach and Mr. Peck said that Magnuson loss was a remedial pro-consumer measure intended and designed to prevent deception and warranties. Congress recognized that warranty language was confusing to consumers and that frequently the fine print seemed to take away what the more conspicuous print indicated. So they made certain consumer rights immutable that were guaranteed regardless of what the disclaimers and exemptions from remedies. They required a warranty to be a warranty. To that end, it defined warranties as a promise that a product was defect-free or alternative reached a certain performance level. Another alternative is that it undertakes to refund, repair, refund, or replace the product if it is defective, which means with respect to its workmanship and service. And then regardless of which of these definitions the warranty fell under, it has to be the basis of the bargain. Service contracts, on the other hand, indicated they're about maintenance and repair, not for defects in workmanship, not for defects in materials. But if I drop my phone... Mr. Peck, can the same service contract under the same act? Yes, it can. And then the act is explicit about that. And in fact, what you see with Best Buy is that they say during the first two years when the manufacturer's warranty is in place, they're essentially going to do the other things that a service contract does because the manufacturer's the main warrantor. It's after that warranty expires that they indicate on the document that they are extending the manufacturer's warranty and doing more than that. And so if you look at the actual document that Best Buy gives that explains what their GSPP is, on page 2, it says that it covers a product failure due to a defective materials or workmanship. On page 4, it says after the benefits provided by the manufacturer's warranty. So the consumer is clearly told that this is going to be a warranty and more. Now... Excuse me, Mr. Peck, I need to go back for a moment. I was looking in your short appendix for the judgment that you're appealing from and I didn't find it. I believe it is towards the end. Do you see it? Maybe I missed it. I don't have it in front of me the entire opening brief, but I do recall having seen it there. Is it clear that all claims have been dismissed with prejudice? Yes, it is. You certified that your appendix was complete. I'm looking at the short appendix table of contents. I don't see a judgment. I was not the one who filed and certified it, and at least my copy seems to have it. Your copy seems to have it. Is that what you said? The Rule 58 one-page judgment or the opinion of the district court. And I believe the opinion was attached. The opinion is attached. The judgment is not. Okay, I'm sorry. That, for what it's worth, I'll just tell you that is a major oversight as far as this court is concerned because of what it means for our jurisdiction. My apologies, Your Honor. Your colleague, I gather you're attributing this to Mr. Rothstein. Mr. Rothstein did file it and I did not check it. Proceed. Yes, so Best Buy, in telling, marketing their GSPP as a warranty, promoting it as a warranty, which quotes other consumers who say, this was a great warranty, I love it, in each of those enforcements, sold it as a warranty, calls it a warranty within the written document, covers items that are unique to warranties, tells claimants to call a warranty line, if they have an issue or a problem that needs correction. And there is no clear or conspicuous notice that this is a service contract as 700.3B requires. Mr. Peck. Go ahead. The district court and Best Buy here are both relying on the FTC's interpretation as guidance for this being a service contract, as opposed to agreeing with you that it's a warranty. You've argued that we shouldn't defer or give any kind of deference to the FTC's interpretation. Did you make that argument before the district court, before your motion to reconsider? The argument that was made was that it did not apply. And indeed, we indicated that everything in Magnuson Laws makes this clear that this is a warranty. There was a footnote in your original brief that said this shouldn't apply because of the timing. The timing of the purchase was before the regulation was codified in the CFR, but the interpretation still existed prior to that. So my question is, have you waived your argument of lack of deference because you didn't raise it with the district court? I do not believe we waived it simply because the regulations themselves indicate that these are advisory and not a substitution. But did you argue their advisory and the court gave deference to them? So the question is not, are they advisory? The question is the deference. You're arguing for us that the court should not defer to the FTC's interpretation. I didn't see that particular argument being raised before the district court, before the motion to reconsider. And I think this is just an elaboration on the fact that we say that Magnuson Laws is the defining text here, that this text indicates that this is a warranty and that nothing the FTC could have done would have changed that. So that is the way that we at least look at the interplay with the regulation. Indeed, is there a remedy for a violation of 2306 concerning the misrepresentation of something as a warranty? No, it's clear that 2301 makes the definition of a warranty very clear, makes the definition of a service contract very clear. And so as a result, I think that you're either treated as a warranty or you don't. I don't think there's a separate remedy. Okay, could I ask you, what is actually at stake in this case about the difference between the Geek Squad Protection Plan as applied and followed by the defendant and what you think should have happened under the federal act? The difference is that with a service contract, Best Buy has the option of giving you a TV that is substantially similar to it or opting to give you a voucher for the depreciated value of the television set. On the other hand, if it's a warranty, the consumer has the option of either accepting a replacement or getting the full value originally paid in a refund. So, and which was offered to your clients? The voucher. The voucher for the depreciated value? That is correct. How much was that? I don't know the amount. Okay, so they were not being offered, in essence, a new TV. I think they were offered a television that is substantially similar, but again, it was at Best Buy's option. And they were not interested in a substantially similar TV. Okay. So wait, were they offered, I'm sorry, and I'm sorry, Judge Hamlin, I didn't mean to interrupt if you want to. It sounds like a pretty good offer as a consumer to say here, your four-year-old TV doesn't work anymore, here's a new TV. You know, when you do that, you often get a model that is not state of the art. When they purchased this TV, it was the state of the art. So were they offered the new TV, or were they offered a depreciated, a voucher for depreciated value? I believe that they originally were offered a TV that they declined, and then were offered the depreciated voucher. Okay, let me, can I ask you, Mr. Peck, you've emphasized in your briefing the bundling here in the original transaction. Do you think that's, that bundling is essential to your argument, or helpful? I think it's very helpful to the argument. Not only does the language, of course, reflect that it is a warranty, but if you look at the receipt, which the parties interpret differently, the receipt shows that the items that are part of the bundle are asterisks, they have asterisks, and they are part of the video of this television set. That does not have an asterisk here. And so the asterisk means that this is part of a bundle. You know, the term bundle means something that's tied together. I have a bundle of hay, it doesn't matter how many strands of hay are in it, it is one bundle of hay. For that argument to succeed, we'd have to agree with your definition of basis of the bargain, wouldn't we? Well, the basis of the bargain is certainly reliance. And here we have, you go into a store and you want to buy a state-of-the-art television set. You're spending more than $3,000 in 2013 on this. That's an enormous sum. And you're told by the store manager that it's only going to last about two years before it's going to start having problems. You're not going to buy that television set unless you can get some insurance that you're not essentially buying it for a two-year period for that enormous price of money. So that they say to you, what we can do is we can give you a discount on the TV if you also get this extended warranty that's going to help make sure that this television works for a full five years. And that certainly was what they relied on, what any sensible consumer would rely on to say, okay, I will make this purchase. And so this was all done as a single item as far as they're concerned. The receipt shows that it's a single item. And if it's broken up, it indicates that the additional savings that it details that you got because you bundled it are forfeited and you're going to be charged those extra amounts for what you didn't return. So to me, as a reasonable consumer, you would look at this as a single purchase item bundled to be a single purchase. And if you break it up, you lose the value of that negotiation because certainly a bargain between a seller and a buyer is a commercial transaction in which you talk about what incentives there are. And all of that may be true under the UCC, but the FTC's interpreting regulations have made a determination that as long as the consumer gives separate consideration other than the purchase price, that it's a service agreement. And let me just say that that seems to conflict with what the FTC says in 100-3b, but also, it makes no sense. If Best Buy and I agree that I am buying an extended warranty, they label it at that there's no indication of any kind of thing that might make it a service contract, but extended warranties are not freebies. You're going to have to pay extra. They say, you know, just throw in an extra ten dollars and we will give you this extended warranty that adds another three years to the warranty. And then when there's a dispute about it, they can go to court and say, well, you spent an extra ten dollars for this extended warranty. So it's not really a warranty. It's really a service contract because that's what the FTC says. That doesn't seem to really protect the consumer. It certainly doesn't seem to meet the minds that the parties had when they entered into that contract. And so there seems to be a real conflict there. I see my time is nearly up and I wanted to reserve some time for rebuttal. We'll give you a couple of minutes of rebuttal. For the defense, Mr. Durkin. Please the court. Martin Durkin on behalf of Defendant Appelli, Best Buy Stores, L.P. The issue presented to this court is whether the Geek Squad Protection Plan is a service contract. This is an issue decided as a matter of law, not a contested fact. The district court correctly found and correctly dismissed the worst claim with prejudice because as a matter of law, the Geek Squad Protection Plan is in fact a service plan, not a written warranty within the meaning of the Magnuson-Moss Act. Is it correct that that theory depends entirely on the separate consideration requirement under section 700.11 of the regs? No, I don't believe it does. In fact, I think it goes beyond that. It was a separate document, a separate transaction with respect to Best Buy. Indeed, you can look at this as plaintiffs purchased a television and they purchased a protection plan. Really, it was one final total. But the bargain they had was a bargain to purchase a television and a separate bargain which resulted in a written contract to purchase. How do you call it a separate bargain when it's bundled together and the pricing is dependent upon one another? Well, the pricing wasn't truly dependent. They purchased a television that's line-itemed on the receipt for $3,119. They purchased a protection plan that's line-itemed on the receipt for $519. There were separate items on the receipt and the protection plan states that it is a written contract and that written contract is formed by both the receipt and the written exchange. What do we make of the indication that in essence, if you break the bundle, the pricing changes? For example, on a return. That refers to what is contained within the bundle. When they purchased the protection plan bundle, if you look at their receipt, and I will admit you have to do a little parsing to do this, the protection plan bundle included also delivery. It included a particular mount for the television. It included the installation of the television. And that's identified on the receipt as the GSP bundle. So it wasn't simply the protection plan and the television. It was rather the protection plan bundle that included items that were purchased when the television. All that sounds pretty factual unless you can rely on the separate consideration requirement of the regulation. What's the basis for the FTC? I understand the simultaneity requirement in the regulation. That makes a lot of sense to me. But I have trouble seeing and we haven't been able to find the origins of the separate consideration requirement or no separate consideration requirement. I see the separate consideration requirement really as creating that separate transaction. It separates the written warranty coming from the manufacturer with the separate service plan provided separately by a seller. Well, let me try it this way. Suppose Best Buy offered a buyer a choice between a $300 discount on a television that carried the manufacturer's warranty only and a full price television that came with a free Geek Squad plan. Would the service plan be part of the basis of the bargain for a full price television under those circumstances? I don't believe so because again, the consumer would actually be paying an additional amount above what the selling price would be to get the Geek Squad protection plan. There would in fact be additional consideration. So even though the receipt would show none? Yes. Because in fact the consumer would be paying additional consideration. They could have purchased it for less but to obtain that they had to pay more. So we'd have to go back and revisit what the options were for the consumer. Is that right? In that scenario, yes. You couldn't just look at the receipt. Do you agree that the Geek Squad protection plan can be both a service plan and a warranty under the Act if there were no separate consideration paid? No, I do not. The Geek Squad protection plan makes it clear that it is a separate service plan. It is in addition to the manufacturer's warranty. Does it include warranties of performance and lack of defects? It does not warranty the performance of a product. It offers to repair a product if it proves to be defective. What's the difference? Well, one, a typical manufacturer's warranty represents that a product is free from defects. The Geek Squad protection plan doesn't say anything is free from defects. It says if there is a defect, we will repair it. Which is also a distinction made in Magnuson Moss Warranty Act in terms of what a warranty does. That it speaks to that a written warranty is a written affirmation of a workmanship and that a product is free from a defect. Suppose when somebody's selling a television set, the manufacturer offers warranties for one, three, and five years at different prices. Does that mean the three and the five at least are not warranties under the Act? No, the manufacturer can offer that warranty. But essentially representing that if you want a television that will last one year, this is the price. One that we will guarantee if it lasts three years, this is the price and this five years, this is the price. Doesn't that turn it into a service plan or at least defeats the basis of the bargain under 700.11? No, I would argue that what they're doing there is representing that it will be free from defects for a certain period. Parts will run out at some point and the manufacturer is simply agreeing to stand behind the parts for a particular period of time. Okay, you've got me totally confused. I'm sorry. How would that be part of the bargain? Let's say the person who buys the five-year warranty for an extra price. How is that a part of the basis of the bargain? And the Geek Squad Protection Plan is not. Well, to the extent the manufacturer is saying we will warranty this television to last for five years for a particular price. And if not, we will repair or replace or give you the option, right? Correct. At that point what the manufacturer is doing is saying that its warranty, the warranty that it is extending with this product when you purchase the product runs for five years. And that the manufacturer stands behind it without you paying separate consideration for that. There's a different price for one year versus three years versus five years. Why isn't that separate consideration? Because they're essentially selling you a different product. A television with a one-year warranty versus a television with a five-year warranty. Those are two different products. What if they offer you a discount is you'll take it without the warranty? It was discounted. Economically, this makes no sense. These things are totally equivalent, right? From an economic standpoint, yes. But in terms of applying the Magnuson Moss Warranty Act to its definition of warranty versus service contract, that is where they are. And its definition says part of the basis of the bargain. And so as I say, I understand the contemporaneity requirement. I have real trouble understanding separate consideration given all the different ways you can mix and match prices and discounts and supplements. But have you figured out where the FTC came up with this no separate consideration requirement? I believe at the time, again, it's not apparent from the legislative history. What is apparent is that for 43 years, they've applied this rule. You would essentially, as arising from the idea of what is the bargain and how is it derived, clearly if your arrangement is to purchase simply a consumer product, that's one bargain. Purchasing a separate warranty is another bargain. And what they're doing here is noting if there's additional consideration for something else, something extra. And if I buy them together, I get them both for less than the list price, right? Well, in this particular case, it was not less than the list price. They still paid extra for the warranty. And the warranty was $500. They paid less for the TV than they would have without the warranty, right? Well, they received a $200 discount on the television by paying $519 for a warranty. Yeah. Okay. Does this bright line rule, Mr. Jerkin, provide kind of an incentive for sellers to circumvent the act? I don't believe it's an incentive to circumvent the act. I think the bright line rule makes it possible for sellers to figure out whether they are providing a service contract, which is governed by one portion of the Magnuson Moss Warranty Act, or a warranty. And without the bright line test, are we moving everything into the warranty context, which will necessarily change the pricing? Is the bright line test consistent with the remedial purpose of the Magnuson Warranty Act? Actually, I believe it is. How? Because having a bright line test makes it possible to determine whether one is on the side of the service plan or the warranty. Because noting if you're paying... How does a consumer figure that out? Because it's all called a warranty. Well, here, again, it's called the geesequad protection plan, and we refer to it as a protection plan, not as a warranty. Now, I understand the wearers make the claim that they were told this was a warranty. As the district judge held in the Touche case in Florida, the Magnuson Moss Warranty Act defines what a warranty is, not a salesperson on the floor. So let me try a different hypothetical on you. And that is Best Buy wants to compete with other retailers and says, we'll sell you this Samsung TV with the manufacturer's warranty, and we'll include the service plan of the geesequad protection plan at no extra charge. So no separate consideration. Simultaneous, is it a warranty? At that point, if there was no separate consideration and it was a simultaneous transaction, it could be viewed as a warranty. So it could also be a service plan, right? Because it has elements that protect things beyond what a manufacturer's warranty would protect, right? Correct. And that's in fact, that's one of the things the Magnuson Moss Warranty Act notes, that there's a fine line between the two, and in many areas, they cross the line. They can't overlap. We do a Venn diagram, we can get overlap. Correct. All right. Thank you. And Your Honor, if I could clarify one point just in terms of this, this does go beyond the record, but you had asked about how this was resolved. And the wearers did in fact receive, they were first offered a replacement television. They rejected that. They were then offered a essentially Best Buy gift card. They took the gift card, they used the gift card to purchase a new television and additional products from Best Buy. Okay, thank you. So the gift card covered more than just the new television? Correct. Now the price of televisions has gone down considerably. For the joy of consumers, yes, but which makes this a little more complicated than it might be with automobiles, so. In fact, it's I think one of the important things under the Magnuson Moss Warrant Act, when they talk about a refund of the consumer, it's not a refund of the full purchase price. It's a refund of the full purchase price, less depreciation for the consumer's use of the product. As opposed to market value for a four-year-old TV that is with four-year, five, six-year-old technology. So, okay, interesting. If the court has nothing else, I will yield the remainder of my time. All right. Thank you very much, Mr. Durkin. Mr. Peck, take two minutes. Yes. First, Your Honor, again, I apologize for not having the judgment in the appendix. It is document 158 and it was not there. My friend tells the court that this is a question of law, but the basis of the bargain is a factual inquiry, and this court has said that it is a question for the fact finder, and that is really the key thing about this. They were asked, you asked the question, Your Honor, that what if the service plan was thrown in no extra cost, even though it is conspicuously labeled a service plan at all. I think the answer my friend gave you is wrong. I think that Madison Laws clearly makes that a service plan when there is no additional promise to take care of defects as far as workmanship, material, and manufacturing. So, therefore, what they've done is they've offered a service plan. You can buy a service plan. You can even have it thrown in as an incentive for free at the time you make the purchase of the TV or you can buy it some later time, but I don't think the separate consideration makes a difference there. And so my contention is that Madison Laws makes clear that either you have a warranty that's defined under the Act or you have a service plan and that there may be different You've got me totally confused, Mr. Peck, because I thought you told me when I was asking you, you can have that the same contract can be both a service plan and a warranty and the Geek Squad plan here includes defects in materials or workmanship. And I'm not and I'm not backing from that. You can have one that's both, but once you have something that is a warranty, it is a warranty. And at least as to those provisions, it has to be treated as a warranty, even if it includes a service plan as well. Okay, anything further? No, Your Honor. Trial counsel does inform me during when my friend was questioning, they were only offered a voucher. I know he has said that they were first offered a TV. Well, we know we're going outside the record on those points. Thank you both for indulging me. We won't resolve the case on that basis. The case is taken under advisement Yeah